UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRINCE ALLEN

    Plaintiff,

v.                                             Case No. 18-   -CV

MICHIGAN STATE POLICE TROOPER ADAM DIROFF,
JOHN DOE DEPUTIES AND/OR OFFICERS 1-4,
in their individual and official capacities,

    Defendants.

---

GEOFFREY N. FIEGER (P30441)
GINA U. PUZZUOLI (P37992)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
g.puzzuoli@fiegerlaw.com

---

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION
ARISING OUT OF THE TRANSACTION OR OCCURRENCE
ALLEGED IN THE COMPLAINT

*/S/ GINA U. PUZZUOLI*

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, PRINCE ALLEN, by and through his attorneys, FIEGER, FIEGER, KENNEY AND HARRINGTON P.C. and for his complaint against the above named Defendants, states as follows:

1.    Plaintiff is a resident of Detroit, Wayne County, Michigan.

2. Defendant TROOPER ADAM DIROFF is and was at all times pertinent hereto a state trooper employed by and/or working for the State of Michigan and was acting under color of law, in his individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

3. Defendant JOHN DOE DEPUTIES AND/OR OFFICERS 1-4 are and/or were state troopers and/or police officers employed by and/or working for the State of Michigan and/or City of Detroit and were acting under color of law, in their individual and official capacities, and within the course and scope of their employment at all times mentioned herein.

4. All relevant events giving rise to this lawsuit occurred in the County of Wayne, State of Michigan.

5. That this lawsuit arises out of Defendants' violations of Plaintiff Prince Allen's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment of the United States Constitution, and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. Sections 1981, 1983 and 1985.  Plaintiff Prince Allen also has viable state law claims.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. Section 1331 [federal question], 28 U.S.C. Section 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. On or about April 18, 2018, at approximately 11:03 a.m, Plaintiff, PRINCE ALLEN was passenger in a car that was stopped by Michigan State Police Officers, including Officer Adam Diroff at or about M-39 and & Seven Mile Road.

10. The pre-text for the stop was that the driver of the vehicle was not wearing his seat belt.

11. At this time, Defendants TROOPER ADAM DIROFF and John Doe Troopers and/or Officers 1-4 without any warning and/or instruction to Plaintiff PRINCE ALLEN pulled him out of the car and began kneeing him in the chest and kicking him all over his body, including his ribs until he lost consciousness.

12. Defendant TROOPER ADAM DIROFF and John Doe Troopers and/or Officers then dragged Plaintiff PRINCE ALLEN'S body for several feet while handcuffed until they slammed him onto the ground face first.

13. That Plaintiff PRINCE ALLEN had not committed any crime, was not committing any crime, was not threatening anyone, was not a threat to anyone and at no time resisted.

14. The Defendants TROOPER ADAM DIROFF and John Doe Troopers and/or Officers knew that Plaintiff PRINCE ALLEN had not committed any crime, but detained him at that time knowing they had no legal right to detain him and knowing they had no legal right to use force on him.

15. That Defendants John Doe Troopers and/or Officers 1-4 a participated in continuing to unlawfully detain Plaintiff PRINCE ALLEN, and failed to stop the use of excessive force on Plaintiff.

16. That the above named Defendants questioned Plaintiff PRINCE ALLEN, all the while not providing any medical treatment to him, even though his ribs had been fractured by the use of excessive force.

17. That as a direct result of Defendants' illegal and unjustified detainment and use of excessive and unlawful force on Plaintiff PRINCE ALLEN, he suffered significant physical and emotional injuries and damages, including, but not limited to, physical injuries, emotional injuries, financial damages, humiliation, embarrassment, and pain and suffering which continue today. Plaintiff's injuries and damages include but are not limited to the following:

    a. Head injury;

    b. Injuries to the ligaments, tendons, muscles and structures of the back and neck;

    c. Fractures to his 7th, 9th and 10th ribs;

    d. Contusions;

    e. Exacerbation of physical injuries;

      f.      Severe emotional distress, anxiety, and depression;

      g.      Physical pain and suffering;

      h.      Mental anguish;

      i.      Fright, shock, and mortification;

      j.      Denial of social pleasures and enjoyment;

      k.      Hospitalization;

      l.      Humiliation and mortification;

      m.      The cost of medical expenses;

      n.      Future medical expenses;

      o.      Future wage and work loss;

      p.      Punitive damages;

      q.      Exemplary damages;

      r.      Costs and attorney fees; and, all other damages properly recovered under law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

## COUNT I
## VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT
## 42 U.S.C. SECTION 1983 TO BE FREE FROM FALSE ARREST AND EXCESSIVE FORCE

18.    Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

19. The Civil Rights Act, 42 USC 1983, provides for civil liability of the deprivation of any right, privilege or immunity secured by the Constitution and laws of the United States while committed under color of law.

20. At all times hereto, all of the Defendants herein acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

21. Defendants TROOPER ADAM DIROFF and John Doe Troopers and/or Officers 1-4 violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures, and to be free from excessive use of force, when they each unlawfully detained and employed unnecessary and unreasonable excessive force and/or failed to intervene and stop the use of such unreasonable force which resulted in significant injuries and damages to Plaintiff.

22. Defendants TROOPER ADAM DIROFF and John Doe Troopers and/or Officers 1-4, by virtue of their purported authority as Police Officers, unlawfully and without probable cause, and all the while knowing no crime had been committed by Plaintiff PRINCE ALLEN, brutally attacked him and used unlawful and excessive force on him, and unlawfully detained him without

probable cause and in violation of his rights to be free from unreasonable search and seizure.

23. Defendants TROOPER ADAM DIROFF and John Doe Troopers and/or Officers 1-4 continued seizure and detainment of Plaintiff PRINCE ALLEN when they knew, or should have known, they lacked probable cause to detain and/or continue to detain him and were in violation of clearly established law.

24. Defendants TROOPER ADAM DIROFF and John Doe Troopers and/or Officers 1-4 above described actions were intentional.

25. Defendants' intentional seizure, restraint, detention, confinement and imprisonment of Plaintiff PRINCE ALLEN deprived him of his personal liberty and/or freedom of movement against his will.

26. Defendants knew and/or should have known that there was absolutely no legal basis to stop, assault, use force upon, detain and question Plaintiff PRINCE ALLEN.

27. As the direct and proximate result of Defendants' actions, Plaintiff PRINCE ALLEN was severely injured while unlawfully detained.

28. That each of the Defendants either participated in the use of force and/or had the ability to stop it and each failed to stop it is as stated in the Facts of this Complaint.

29. The acts of Defendants were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment and

Fourteenth Amendment to the United States Constitution which proximately resulted in significant and permanent injuries to Plaintiff.

30. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment and Fourteenth Amendment rights to be free from unreasonable search and seizure and excessive use of force and their actions were not objectively reasonable under the totality of the circumstances.

31. As the direct and proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. Section 1983 together with costs, interest, and attorney fees as set forth in 42 U.S.C. Section 1988.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

## COUNT II
## CIVIL CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS - 42 USC 1983

32. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

33. The individual Defendants acted in conspiracy and with concerted effort in violation of Plaintiff's Fourth and Fourteenth Amendment rights in brutally attacking Plaintiff PRINCE ALLEN, in planning and agreeing not to report the use of excessive force on Plaintiff PRINCE ALLEN by Defendants, and in failing to report the detainment and use of excessive force on Plaintiff, which caused significant and permanent injury to him, and carrying out that plan to the harm of Plaintiff. Thus, the Defendants, each of them, are liable for conspiracy to violate Plaintiff's civil rights.

34. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth Amendment rights and pursuant to 42 U.S.C. Sections 1981, 1983 and 1985, Plaintiff has a viable claim for compensatory damages, punitive damages, costs, and attorney fees as set forth in 42 U.S.C. Section 1988.

35. That as a direct result of the Defendants' conspiracy to violate Plaintiff PRINCE ALLEN'S civil rights, he sustained the following injuries:

    a. Head injury/concussion;

    b. Black eye;

    c. Cuts and abrasions;

    d. Exacerbation of pre-existing injuries;

    e. Severe emotional distress, anxiety, and depression;

    f. Physical pain and suffering;

    g. Mental anguish;

      h.      Fright, shock, and mortification;

      i.      Denial of social pleasures and enjoyment;

      j.      Humiliation and mortification;

      k.      The cost of medical expenses;

      l.      Future medical expenses;

      m.      Future wage and work loss;

      n.      Punitive damages;

      o.      Exemplary damages;

      p.      Costs and attorney fees and all other damages properly recovered under law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

                                Respectfully submitted by:

                                Fieger, Fieger, Kenney & Harrington, P.C.

                                */s/ Gina U. Puzzuoli*
                                GEOFFREY N. FIEGER (P30441)
                                GINA PUZZUOLI (P37992)
                                Attorneys for Plaintiff
                                19390 W. 10 Mile Road
                                Southfield, MI  48075
                                (248) 355-5555
                                (248) 355-5148 (fax)
Dated:  July 6, 2018                  g.puzzuoli@fiegerlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRINCE ALLEN

    Plaintiff,

v.                                Case No. 18-     -CV

MICHIGAN STATE POLICE TROOPER ADAM DIROFF,
JOHN DOE DEPUTIES AND/OR OFFICERS 1-4,
in their individual and official capacities,

    Defendants.

---

GEOFFREY N. FIEGER (P30441)
GINA U. PUZZUOLI (P37992)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
g.puzzuoli@fiegerlaw.com

---

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

                                        Respectfully submitted by:
                                        *FIEGER LAW*

                                        */s/ Gina U. Puzzuoli*
                                        GEOFFREY N. FIEGER (P30441)
                                        GINA PUZZUOLI (P37992)
Dated: July 6, 2018            Attorneys for Plaintiff
                                        19390 W. 10 Mile Road
                                        Southfield, MI  48075
                                        (248) 355-5555
                                        (248) 355-5148 (fax)
                                        g.puzzuoli@fiegerlaw.com